IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOHN JOSEPH JAMES BURNS and )
CAMILLA LOUISE BURNS,           )
                                )   Case Nos.   CR-97-58-S-BLW
          Petitioners,          )               CV-01-601-S-BLW
                                )               CV-01-608-S-BLW
     v.                         )
                                )   **ORDER**
UNITED STATES OF AMERICA,       )
                                )
          Respondent.           )
_____)

Pending before the Court is Petitioners' Motion for Leave to Proceed on

Appeal in Forma Pauperis (Docket No. 436).  Petitioners seek to appeal this

Court's Order (Docket No. 434) denying Petitioners' Motion to Correct or Amend

the Court's January 24, 2003 Order Denying Petitioners' § 2255 as to Ground Ten

(Docket No. 428).  *See* Notice of Appeal (Docket No. 437).

## BACKGROUND

The tenth ground of the Petitioners' § 2255 Motion alleged that their

sentences were based on factors found by the Judge based on a preponderance of

evidence standard in violation of their constitutional rights under *Apprendi v. New*

**Order - 1**

*Jersey*, 530 U.S. 466 (2000).  The Court rejected this argument because the sentences were all either at or below the statutory maximum.  *See* Docket No. 383. In their Motion to Correct (Docket No. 428) brought under Fed. R. Civ. P. 60(b)(6), Petitioners revisited the challenge to their sentences in the form of a claim under *Blakely v. Washington,* ___ U.S. __, 124 S. Ct. 2531 (2004). Petitioners moved the Court to correct their sentences to reflect only factors found by a jury beyond a reasonable doubt.  The Court construed the motion as a second or successive § 2255 motion.  The Court then found that it lacked jurisdiction to decide the motion because Petitioners had not obtained the requisite authorization to file from the Ninth Circuit Court of Appeals.  Alternatively, the Court found that even if it did consider Petitioners' motion as a Rule 60(b)(6) motion, the motion failed on the merits because (1) a subsequent change of law does not constitute an extraordinary circumstance sufficient for relief under the rule, and (2) the *Blakely* holding, as well as the Supreme Court's subsequent holding in *United States v. Booker,* __ U.S. __, 125 S.Ct. 738 (2005), cannot be applied retroactively to cases on collateral review.

## DISCUSSION

As this Court has previously advised Petitioners, under 28 U.S.C. § 1915, the District Court "may authorize" a criminal appeal in forma pauperis if the

**Order - 2**

appellant submits the requisite pleading and documentation.  However, the Court has the discretion to deny such an application if the appeal is frivolous, fails to state a claim upon which relief can be granted, or is not taken in good faith.  If the Court chooses to deny the application, it must state its reasons for doing so in writing.  Fed. R. App. P. 24(a)(2).  Although inmates are entitled to appeal their convictions as of right (subject to the requirement of timeliness), they are not entitled to appeal in forma pauperis, even though indigent, if the appeal is utterly without merit.  *See U.S. v. Fletcher*, 483 F.Supp. 879 (E.D.Tenn. 1978), *aff'd* 601 F.2d 591 (6th Cir. 1979), *cert. denied* 100 S.Ct. 155(1979) (defendant's application to appeal criminal conviction in forma pauperis denied where all of his arguments were contradicted by established law).  In the civil context, *see DeSantis v. United Technologies Corp.*, 15 F.Supp.2d 1285, 1289 (M.D. Fla. 1998) (application may be denied if it objectively appears that the appeal cannot succeed as a matter of law); *Busch v. County of Volusia*, 189 F.R.D. 687, 692 (M.D.Fla. 1999) (same).

Clearly whether Petitioners' motion is treated as a second or successive § 2255 motion or a Rule 60(b)(6) motion there is no basis in law for relief. Petitioners did not obtain a certification from the Ninth Circuit that the motion contained newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review.  *See* 28 U.S.C. § 2255, ¶ 8.  Also, the

**Order - 3**

Ninth Circuit recently held that *Blakely* does not apply retroactively to convictions that became final before *Blakely* was decided.  *See Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005).  Obviously, Petitioner's conviction was also final on direct review before *Booker* was decided.  As the Ninth Circuit recognized in *Schardt,* several other circuits have held that *Booker* cannot be applied retroactively to cases on collateral review.  *Id*. at 1034; *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).  In fact, the Third Circuit recently observed that every circuit that has considered the *Booker* retroactivity issue has concluded that *Booker* does not apply to cases on collateral review.  *See Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005).  Accordingly, Petitioners' motion to appeal in forma pauperis shall be denied.

## ORDER

IT IS HEREBY ORDERED that Petitioners' Motion to Proceed on Appeal in Forma Pauperis (Docket No. 436) is DENIED.

DATED:  **September 8, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order - 4**